UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

File No. 1:03-CR-102

v.

HON. ROBERT HOLMES BELL

OSCAR GILBERT,

Defendant.
______________________________________/

**O P I N I O N**

This matter is before the Court on Defendant Oscar Gilbert's petition for writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651. (Dkt. No. 65.) For the reasons that follow, Defendant's motion will be denied.

**I.**

On November 13, 2003, Defendant was convicted on his plea of possession with intent to distribute fifty grams or more of cocaine base and being a felon in possession of a firearm. (Dkt. No. 35). Defendant was sentenced to a 262-month term of imprisonment. (*Id.*) Defendant's notice of appeal, which was filed on January 30, 2004 (Dkt. No. 39), was dismissed for lack of jurisdiction because it was not timely filed. (Dkt. No. 46, Copy of Order in *United States v. Gilbert*, No. 05-1289 (6th Cir. Mar. 21, 2005)). On May 29, 2008, pursuant to the government's Rule 35(b) motion, Defendant's sentence was reduced to a 216-month term of imprisonment. (Dkt. No. 42, Rule 35(b) Mot; Dkt. No. 52, Am. J.)

Defendant filed a § 2255 petition to vacate, set aside, or correct his sentence on November 23, 2004. *Gilbert v. United States*, 5:04-CV-201 (W.D. Mich. Nov. 23, 2004). On August 18, 2006, Defendant moved for voluntary dismissal of his § 2255 petition based on his understanding that he would not be entitled to a sentence reduction under *United States v. Booker*, 543 U.S. 220 (2005), because *Booker* did not apply retroactively to cases on collateral review. (*Id.* at Dkt. No. 4, Mot.) Defendant's § 2255 petition was dismissed on July 10, 2007. (*Id.* at Dkt. No. 6, Order.)

Through his current motion under the All Writs Act, Defendant is essentially requesting a resentencing pursuant to *Booker*.

**II.**

Although the 1946 amendments to Rule 60(b) of the Federal Rules of Civil Procedure abolished the ancient common law writs of *coram nobis* and *audita querela*, "federal courts still have the authority to grant writs of *audita querela*, generally pursuant to the All Writs Act, 28 U.S.C. § 1651." *Ejelonu v. I.N.S., Dept. of Homeland Sec.*, 355 F.3d 539, 545 (6th Cir. 2004) (citing *Morgan v. United States*, 346 U.S. 502, 506-510 (1954) (holding that courts still have authority to issue writs of *coram nobis* in collateral criminal proceedings)), *reh'g en banc granted and opinion vacated* (July 28, 2004). "*Audita querela* is an equitable remedy reserved only for the most extreme cases." *Id.* at 552. Other circuits have explained that the purpose of making the writ of *audita querela* available in criminal cases is to fill in gaps in the system of federal post-conviction remedies. *See*, *e.g.*, *Massey v. United States*,

581 F.3d 172, 174 (3rd Cir. 2009) (holding that the writ of *audita querela* "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief"); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("The teaching of *Morgan* is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law."); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) ("[T]he common law writs survive only to the extent that they fill 'gaps' in the current systems of postconviction relief.").

Defendant contends he is entitled to a writ of *audita querela* because there is no other remedy available to cure the injustice of being sentenced under mandatory sentencing guidelines that were subsequently held unconstitutional in *Booker*. According to Defendant, the mandatory sentencing guidelines in effect at the time of his sentencing allowed the Court to engage in judicial factfinding, restricted the Court's exercise of its discretion, and required the Court to apply the 100 to 1 sentencing ratio for crack cocaine. Defendant contends that fairness requires that his sentence be reconsidered because the new rule of law announced in *Booker* was unforeseeable at the time of his sentencing and appeal, and could not be considered in his § 2255 petition.

Defendant is correct in his assertion that the new rule of criminal procedure announced in *Booker* does not apply collaterally to a federal defendant, such as Defendant, whose conviction was final at the time of its pronouncement. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Nevertheless, the fact that *Booker* does not apply

retroactively on collateral review does not suggest the appropriateness of a writ of *audita querela*. *Booker* does not apply retroactively because, although *Booker* announced a new rule of law, *Booker* was not a "watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Humphress*, 398 F.3d at 862-63 (quoting *Beard v. Banks*, 542 U.S. 406, 417 (2004)). The judicial factfinding addressed in *Booker* does not create an "impermissibly large risk of punishing conduct the law does not reach." *Id.* at 863 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 356 (2004)). Accordingly, the non-retroactivity of *Booker* is not an "extreme case" calling for relief. Moreover, "the retroactivity of the rule relied upon by a prisoner is one of § 2255's valid gatekeeping requirements." *Massey*, 581 F.3d at 174 n.2; *see* 28 U.S.C. § 2255(f)(3) (measuring the § 2255 limitations period from the date on which the Supreme Court recognized a new right "made retroactively applicable to cases on collateral review"). Accordingly, there is no gap in the system of post-conviction relief that needs to be filled in by a writ of *audita querela*. Rather, application of the writ of *audita querela* in these circumstances would undermine the system of post-conviction relief.

Furthermore, to the extent Defendant complains that he has not had an opportunity to raise an objection to the application of the 100 to 1 crack ratio at sentencing, the Court has before it Defendant's pending motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582(c), (Dkt. No. 51), and will decide that motion in due course.

Accordingly, Defendant will be heard on this issue, so there is no gap in the system of post-conviction relief that requires redress through a writ of *audita querela*.

For the reasons stated herein, Defendant's petition for writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651 (Dkt. No 65) will be denied.

An order consistent with this opinion will be entered.

Dated: June 9, 2010

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE